RAND, JOHNSON & CO. *v.* W. H. PEEL, EXR.

1. ARBITRATION AND AWARD. *Irregularities of arbitrators.* *Code* 1892, *ch.* 6.

   An award returned into the circuit court by arbitrators appointed under § 112, code 1892, should be vacated when it appears that after the submission of the case the arbitrators heard the unsworn testimony of one party, in the absence of and without the knowledge of the other or his counsel.

2. SAME. *Appeal from award.* *Procedure.* *Code* 1892, *ch.* 6.

   On an appeal from an award returned into and approved by the circuit court under § 112, code 1892, the award is dealt with by the supreme court, in the matter of procedure, as having the same effect as a final judgment of the trial court, and, when set aside, the submission falls with it.

FROM the circuit court of Marshall county.

HON. EUGENE JOHNSON, Judge.

There was a reference to arbitrators, under § 112, code 1892 (ch. 6), in the suit brought by J. A. Mathews in his lifetime against Rand, Johnson & Co. About two months after the hearing of the evidence and the submission of the matter, the arbitrators had a second meeting to arrive at and announce their conclusion. At this second meeting the plaintiff, Mathews, and one Ford, defendant's bookkeeper, were sent for and examined in relation to certain items that appeared on an account filed by defendants as a set-off, one of which was disallowed when they made their award. Neither the defendants nor their counsel were notified of this, nor were they present when it took place. Mathews and Ford had testified under oath at the first sitting of the arbitrators, but were not sworn when examined the second time. On the return of the award into court, a motion was made to vacate the same, and the court below having overruled the motion, this appeal was prosecuted.

*R. T. Fant*, for the appellants.

The hearing of evidence in the absence of one of the parties and his counsel, and without notice to either of them, is good ground for setting aside the award, the case having been submitted on the evidence adduced at a previous sitting of the arbitrators. 1 Am. & Eng. Enc. L., 708; *Sisk* v. *Garey*, 27 Md., 401; 1 Johns. Chy., 101; 29 Ga., 495; 30 Hun (N. Y.), 29. All the authorities condemn the hearing of *ex parte* evidence. *Lutz* v. *Linthicum*, 8 Peters, 178; *Elmendorf* v. *Harris*, 23 Wend. (N. Y.), 628; *Knowlton* v. *Mickles*, 29 Barb. (N. Y.), 465; *Wilson* v. *Boor*, 40 Md., 483; *Bushey* v. *Culler*, 26 *Ib.*, 534; *Hill* v. *Insurance Co.*, 129 Mass., 345; *Rigden* v. *Martin*, 6 H. & J. (Md.), 403; *Conrad* v. *Ins. Co.*, 4 Allen (Mass.), 20; *Strong* v. *Strong*, 9 Cush. (Mass.), 560; 1 Am. & Eng. Enc. L., 685, 686, 708. The case of *Anding* v. *Levy*, 60 Miss., 487, is without application to the present controversy, for the court is not asked to review the correctness of the findings of the arbitrators.

*Smith & Totten* and *W. A. McDonald*, for the appellee.

The submission to arbitration under ch. 6, code 1892, was the voluntary act of the parties to the suit, and the award should only be set aside for fraud or some misconduct on the part of the arbitrators by which the rights of appellants were prejudiced. Code 1892, § 106; *Anding* v. *Levy*, 60 Miss., 487. The evidence does not show such a case. The witnesses, Mathews and Ford, the latter of whom was appellant's bookkeeper, were only sent for to explain three of the items in appellant's set-off which did not appear on their books, and two of the items were allowed. There is nothing in the record that in anywise tends to show that the disallowance of the other item (a cash one of $100), was improper.

WHITFIELD, J., delivered the opinion of the court.

The motion to vacate the award should have been sustained.

2 Am. & Eng. Enc. L. (2d ed.), 646, 647, and authorities cited. This being the reference of an action at law, the award falling, the submission falls with it. *Id.*, 813, subd. 19, and note 2. The award in such case is to be dealt with as to procedure here, and have the "same effect as the final judgment of the court into which the award was returned."

*The judgment is reversed, the award set aside, and cause remanded.*