E. M. E. THOMPSON, *Appellant,* v. JOSEPH BARBER, *Appellee.*

No. 17,756.

SYLLABUS BY THE COURT.

1. STATUTORY ARBITRATION—*Jurisdiction of District Court.* An action for the recovery of money was pending between parties and they agreed to submit it to the arbitration of certain designated arbitrators. Their agreement provided that the action in court should be continued and that any award made in pursuance of their submission might, at the instance of either party and without notice to the other, be made a rule of the district court. *Held*, that the submission was a statutory arbitration and that the court had power, upon application, to enter judgment on the award, if valid, or to set it aside upon any of the statutory grounds if it was found to be invalid.

2. ———— *Same.* The fact that considerable time elapsed after the award was made before the court acted in setting it aside did not deprive the court of power to take such action. Nor was the successful party precluded from asking for that remedy because he had taken down a part of the fund which had been deposited as a guaranty that he would perform the award when made and to secure the payment of costs.

Appeal from Jackson district court. Opinion filed July 6, 1912. Affirmed.

*A. B. Crockett,* of Horton, for the appellant.
*Charles T. Gundy,* of Atchison, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: On the 8th day of November, 1899, two actions were pending in the district court of Brown county, in one of which Thompson was plaintiff and Barber was defendant, and in the other Barber was plaintiff and Thompson was defendant, and on that date they entered into an arbitration agreement with respect to the two actions. The agreement provided, that all proceedings in the above-mentioned actions should be continued pending the arbitration; arbitrators were named and given full power to settle the disputed matters and award the costs incident to the reference to be borne and paid as they should deem just; that the arbitrators' decision should be final and binding on the parties and their heirs and assigns; that the death of either party should not abate the proceedings, but that the heirs or representatives of the party so dying should become parties to the arbitration without the necessity of further action; that any award made might, at the instance of either party and without notice to the other, be made a rule of the district court of Brown county; and a bond of $1000 was given by each party to secure costs and a submission to the award of the arbitrators. In pursuance of the agreement, $1000 was deposited by Joseph Barber in the First National Bank of Horton, to the credit of the arbitrators, to be applied on the award subject to the check of the arbitrators. A hearing was had, and the arbitrators made an award in favor of Thompson. After paying him the amount thereof, and the costs which had accrued, as well as the fees of the arbitrators, out of the $1000 deposit made by Barber, there remained the amount of $395.72 which was repaid to Barber on November 28, 1899, the date the award was filed. On December 1, 1899, Barber went to the clerk of the district court of Brown county and secured a refund of the $15 which had been deposited for costs in his case against Thompson. In

their award the arbitrators authorized the dismissal of the two cases.

. On May 5, 1901, one year and five months after the filing of the award, Barber filed a motion to set aside the award, and upon a hearing thereof by the court an order was made setting it aside, but the grounds upon ·which it was done are not stated.   Time was taken by Thompson to make a case and bring the ruling ·up for review, but no proceeding in error was brought.   Thompson filed a motion in the district court for judgment on the award of the arbitrators and also one to have the causes dismissed, as the arbitrators had directed; but, after the ruling of the court setting aside the award, both of these motions were withdrawn. Barber made a motion to require the return of the moneys taken by the arbitrators out of the fund deposited by him as security but no action on this motion appears to have been taken.   Instead, a change of venue was granted and the cases sent to Jackson county for trial.   In the district court of that county a motion was made to dismiss the action on the ground that it had been finally disposed of by a common-law arbitration, and that the award made had been paid and the controversy closed, and, therefore, that there was no jurisdiction in the district court of Brown county to set aside the award, nor for the retrial of the case in the district court of Jackson county, where a judgment in the consolidated cases was rendered in favor of Barber for·$667.45. ·

· The principal question in controversy here is whether there was power in the district court of Brown county to set aside the award of the arbitrators.   This, it is said, depends on whether it was a statutory or common-law submission.   There was a real controversy between the parties, they had capacity to make a submission, and there was an agreement to submit which named the arbitrators and set forth at length the rules for governing the arbitration.   From this agreement the inten-

Thompson v. Barber.

tion of the parties and the kind of arbitration to which
this submission belongs must be determined. The stat-
ute provides "that all persons who shall have any con-
troversy or controversies may submit such controversy
or controversies to the arbitration of any person or
persons, to be mutually agreed upon by the parties,
and *they may make such submission a rule of any court
of record in this state."*  (Gen. Stat. of 1909, § 359.)
The statute further provides for arbitration bonds, the
issuance of process, and the making of an award. It
also provides for the filing of the award in court, and
if it is made to appear that the award was obtained by
fraud, corruption, or undue means, or that the arbi-
trators misbehaved, the court may set it aside. (Gen.
Stat. 1909, § 369.)  The agreement made by the parties
expressly stipulated "that this submission to reference
and any award made in pursuance thereof may at the
instance of either of the parties to the reference and
without any notice to the other of them be made a rule
or order of the District Court of Brown County, State
of Kansas."  This stipulation fairly indicates that the
parties intended to avail themselves of the statutory
provisions and that a judgment might be entered on
the award that should be made.  Under a common-law
arbitration the award is enforced by an independent
action upon it or upon the bond of submission, while
a statutory award may be made a rule of court and
an execution is then issued on the judgment entered.
In this case the parties agreed that either party to
the submission might have the award made a rule of
court and the arbitrators were given authority to direct
the kind of judgment that should be entered.  There
are stipulations in the agreement indicating an inten-
tion to make the arbitration and award a final disposi-
tion and it is contended that these provisions argue
against the power of the court to act on this award,
but these relate to a finality of the issues in controversy
rather than to the manner of enforcing the award and

can not prevail over the specific agreement that the award might be made a rule of the court. Both parties apparently proceeded on the theory that the submission was a quasi-judicial proceeding which did not remove the cases from the court or its jurisdiction, as they stipulated that the pending actions should be continued and proceedings therein stayed, except such as might be necessary to carry out the arbitration agreement. And later a formal order was entered by the court continuing the cases. Then, after the award was made, Thompson himself moved for judgment on the award, thus recognizing that it was a statutory arbitration and that the court had jurisdiction to enforce the award. Barber also acted on the same theory and asked the court to set aside the award. However, when the award was set aside the motion of Thompson for judgment was withdrawn. Whether the award was set aside for fraud, misbehavior of the arbitrators, or for legal defects, was not shown, but, presumably, the grounds upon which the court set it aside warranted the action taken.

Considerable is said about the time which elapsed between the award and the action of the court on it, but the statute does not prescribe how soon after an award is made a party must ask to have it made a rule of court. It should, of course, be done within a reasonable time, and there is a provision that the court, at the next term after the award is filed, shall enter the judgment on it if no legal exceptions are taken to the award or other proceedings. (Gen. Stat. 1909, § 367.)

As both parties came into court and asked that action be taken on the award and submitted themselves to its jurisdiction, no question can well arise as to the power of the court at the time its action was taken. The action of Barber in taking down what remained of the fund which he had deposited as a guaranty that he would perform the award did not prevent him from

challenging the validity of the award. If it was void for fraud, or upon any other ground, he was entitled to all of it. There was no voluntary payment of the award, as the arbitrators, to whose credit it was deposited, immediately after the decision checked out as much of the fund as was necessary to pay their own fees, as well as other costs, and they turned over to Thompson the amount they had awarded to him. The fact that more than $600 of the fund had been appropriated before he had an opportunity to except to the award or to challenge its validity may have suggested the cautionary step to take down as much as was left of the fund. In no event can his action in that respect, or the acceptance of the cost deposit, estop him from contesting the validity of the award, and especially after the district court had taken cognizance of the case and found sufficient grounds for setting the award aside.

It may also be fairly presumed, in the absence of a contrary showing, that all questions like this one, which might affect the right of Barber to a hearing of his motion to set aside the award, were correctly determined.

The judgment of the district court is affirmed.