## Seal *v.* Phil Wilk and Company.

[No. 10,522.    Filed November 5, 1920.]

1. Counties.— *Claims.*— *Appeals.*— *Reference to Engineers.*— *Highways.*—A written agreement of the parties to an action on a claim for highway construction, defended by a taxpayer, designating engineers to find the facts, the court being authorized to enter judgment accordingly, is not one of arbitration, either statutory or common-law, but one of reference for the finding of facts. p. 61.

2. APPEAL.—*Review.*—*Absence of Evidence.*—Where the case has been determined against the taxpayer's contention by the engineer in charge, the superintendent of construction, the board of commissioners, a majority of the engineers to whom reference for a finding of facts was made, a second time by the same engineers upon a rereference, and finally by the circuit court after hearing evidence on the merits of such contention for four days, and such evidence is not in the record, the Appellate Court cannot say that such taxpayer has been harmed. p. 61.

From Fayette Circuit Court; *Raymond S. Springer,* Judge.

Objections by James Seal as a taxpayer, to the claim of Phil Wilk and Company for payment for highway construction, appealed to the circuit court from a determination of the board of commissioners of Union county in favor of the claimant. From a judgment for claimant in the circuit court, the taxpayer appeals. *Affirmed.*

*Leland H. Stanford* and *Pigman & Roberts,* for appellant.

*John A. Titsworth, A. J. Ross, Walter Bossert* and *M. P. Hubbard,* for appellee.

NICHOLS, J.—The commissioners of Union county, Indiana, had let a contract to appellee for the construction of a highway in Union township, said county, under the three-mile road law. Appellee claimed to have finished the road and that he was entitled to his final payment. In support of appellee's claim, the engineer and the superintendent of the road filed their affidavit, as required by law, showing that the road had been completed according to plans and specifications. Appellee demanded the money he claimed to be due him by virtue of the road being completed as he claimed.

Appellant, as a taxpayer of said township and county, filed his exceptions to the report of the engineer and su-

perintendent, and objected to the payment of the money claimed by appellee to be due him on the ground that in fact the road had not been constructed according to the plans and specifications. The exceptions were tried by the commissioners, who found in favor of appellee and against appellant. Thereupon appellant appealed from the judgment of the board of commissioners to the Union Circuit Court, from which court the venue was changed to the Franklin Circuit Court.

At the February term, 1917, of the Franklin Circuit Court, upon the issues as presented by the report of the engineer and superintendent, filed before the board of commissioners of Union county, and the exceptions filed by appellant thereto, no other papers or pleadings being filed, the cause was submitted to the court for trial, and continued for one day, when by written agreement of the parties the cause was suspended, and three engineers were appointed to determine the facts under the issues thus formed, appellant choosing one engineer, appellee choosing one, and the court choosing the third, their duties being specifically set forth in the agreement, which was made a part of the record. This agreement is before us by appellee's brief. Appellant calls the engineers so chosen arbitrators, but they are not so designated in the agreement, which was not an agreement to arbitrate, but that the engineers should find the facts, the court being authorized to enter judgment accordingly.

Appellant chose William R. Payne, appellee chose Alonzo L. Stewart, and the court designated John W. Mueller to determine the facts under said issues. Said engineers accepted their appointments and proceeded to perform their duties under said agreement, and afterwards, at the April term, 1917, of said court, made their report, Stewart and Mueller filing a majority report, in which they set forth as a fact that the road had been

completed according to plans, specifications and profile, Payne reporting specifically that the road had not been so completed. Thereupon, appellant filed his exceptions to the majority report, and the court, having tried said exceptions to said majority report, sustained the same and set it aside.

Thereupon appellant moved the court that the cause be regularly tried in court and that the cause stand regularly for trial, and objected to the reference of said matter to other so-called arbitrators or board of arbitrators or to the same arbitrators, which motion the court overruled and immediately recommitted and referred back the matter to the same engineers who had previously acted and filed their reports in the matter. This order is not before us. Appellee says that this reference back was simply for further investigation and report, and this statement is not challenged by appellant. To this action of the court appellant then and there objected and excepted. Immediately thereupon appellant filed his written objection and exception to the appointment of John W. Mueller to act again in the capacity of engineer, viewer and arbitrator, on account of his bias, prejudice and preconceived opinion and judgment in said matter, which objection and exception the court overruled, to which ruling the appellant objected and excepted at the time. At the April term, 1918, of the Franklin Circuit Court the same three engineers again filed their reports, Stewart and Mueller filing their majority report that the road had been completed according to plans, specifications and profile, as in their former report, and Payne his minority report that the road had not been so completed, as in his former report. Thereupon appellant filed his objections and exceptions to a rendition of judgment upon the majority report, setting forth five separate grounds upon which he asked the court to set aside said report. These ob-

jections and exceptions are not before us. Appellee moved to strike the same from the record, which motion the court overruled.

Thereupon the cause was venued to the Fayette Circuit Court. No papers were filed in the Fayette Circuit Court, and the case in that court came on for trial solely upon said last objections and exceptions of appellant to the last majority report. After a four days' trial of these exceptions, consumed in hearing evidence, the court found in favor of appellee and against appellant, and also found that there was due appellee the sum of $3,954, the balance claimed to be due him for the construction of said highway, to which finding and judgment of the court appellant objected and prayed an appeal to the Appellate Court, which was granted.

Appellant asks a reversal for the reasons that: (1) The court erred in overruling the motion of appellant to remove John W. Mueller and not to permit him to act or continue to act as arbitrator of the matter in dispute on the second examination and award of the matters in dispute between the parties. (2) The court erred in submitting to arbitration and award the matter in controversy in this case a second time to the same arbitrators appointed in the first instance, and who acted in making the award to the court for its judgment thereon. (3) The court erred in rendering its finding and judgment upon the award of the arbitrators in the absence of a cause of action or claim upon which such award might be based or found. (4) The court erred in overruling the request and motion of the defendant for the trial of the cause in regular course before the court, after the first award of the arbitrators had been set aside by the court. (5) The court erred in rendering its finding and judgment upon the award of the arbitrators, including as one of them John W.

Mueller, who acted as such arbitrator over the objection of the appellant.

Appellant's confusion seems to be grounded in his misconception of the agreement into which appellant and appellee entered. Appellant construes such

1. agreement as an agreement to arbitrate, when in fact, as clearly appears by the agreement, it was an agreement of reference to engineers for the purpose of having them find the facts upon which the court was authorized to enter judgment. Appellant seems to rely wholly upon the case of *Robinson* v. *Shanks* (1889), 118 Ind. 125, 20 N. E. 713, but the case is not in point for the reason that, as stated above, this case is not one of arbitration, either statutory or common law, but one of reference for the finding of facts, and for the further reason that in this case there is no claim of misconduct of either party, or of undue influence upon the engineers selected, while such a charge was sustained in that case.

This case has been determined against appellant's contention by the engineer in charge, the superintendent of construction, the board of commissioners of

2. Union county, by a majority of the engineers to whom reference for a finding of facts was made, a second time by the same engineers when the cause was referred back to them, and finally by the Fayette Circuit Court after hearing evidence on the merits of appellant's contention for four days. This evidence is not in the record, and in its absence we cannot say that appellant as a taxpayer of Union township has been harmed.

The judgment is affirmed.