No. 28,727.

In re the Claims of JOHN L. WHITEHAIR et al., *Appellants*, v. THE KANSAS FLOUR MILLS CORPORATION, *Appellee*.

(275 Pac. 190.)

Opinion filed March 9, 1929.

*E. S. Crawford* and *S. S. Smith*, both of Abilene, for the appellants.

*T. M. Lillard, Bruce Hurd, O. B. Eidson*, all of Topeka, and *Arthur Hurd*, of Abilene, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is an arbitration proceeding. Appellants complain of the order of the court setting aside the award on account of misbehavior of the arbitrators, and the appellee has a cross appeal from the order of the court referring the matter back to the same arbitrators for rehearing.

A fuller statement will better disclose the questions here presented. The Kansas Flour Mills Corporation operates a flour mill at Enterprise, where it has a dam across the Smoky Hill river to impound a body of water used for power purposes. Owners of farm land in the river bottom above the dam complained that the dam caused the river to overflow and flood their lands to the damage of their crops. In 1918 a written agreement was entered into between the owners of such farm lands, spoken of in such agreement as grantors, and the Kansas Flour Mills Corporation, spoken of as grantee, which written agreement, so far as here pertinent, recited in substance that it had been shown that in certain cases of high water the dam had caused the water to overflow the lands of the grantors to their

damage; that the grantors believed that the dam, if maintained in its then condition, would in the future cause them damage; that the parties were desirous of arranging an amicable settlement of controversies then existing and to make such arrangement as would obviate litigation concerning the operation of the dam in the future. By this agreement the grantors released the grantee from all claims then existing and granted to the grantee the right of maintaining and operating the dam at its then height as an easement appurtenant to the lands of the grantors respectively, upon the condition that until the grantee made certain alterations in the dam it would pay promptly to the grantors all damages to crops which may be caused by reason of the operation or maintenance of the dam. The agreement provided that if any of the grantors thought he had suffered damage by reason of the maintenance and operation of the dam he should notify the grantee of his claim and its nature and the items thereof, in writing, and that the grantee, if it did not pay the claim, should, within thirty days, notify the grantor that it disputed such claim and desired to arbitrate the question of liability thereon. The agreement further provided that the controversy should be submitted to arbitrators, each of the parties selecting one and those two a third, and that the same should constitute the submission and bond of arbitration as provided by the laws of the state, and the submission to be made a rule of court. (R. S. 6-101.)

In 1927 the respective landowners claimed damages to their crops by reason of high water caused by the dam. The Kansas Flour Mills Corporation, in writing, disputed the claims and selected an arbitrator, the claimants selected an arbitrator, and the two so chosen selected a third, and hearings were had before the arbitrators in December, 1927. Thereafter the arbitrators found in favor of the respective claimants for damages and filed their award in the district court. The claimants filed a motion for judgment on the findings of the arbitrators, and the Kansas Flour Mills Corporation filed a motion to set aside the award because of misbehavior of the arbitrators. (R. S. 6-111.) These motions were heard by the court, evidence was taken, the court denied the motion of the claimants for judgment on the findings of the arbitrators and sustained the motion of the Kansas Flour Mills Corporation to set aside the award, and in doing so found that there had been misbehavior of the arbitrators. These rulings are complained of by the claimants, who are appellants here. Thereafter the court made an order re-

ferring the matter to the same arbitrators for further hearing. The Kansas Flour Mills Corporation objected to this order, and moved the court to set it aside and to refer it to other arbitrators, which objections and motion were by the court overruled, and from these rulings the Kansas Flour Mills Corporation has filed a cross appeal.

Appellants contend that the court was not justified in finding misbehavior of the arbitrators and setting aside the award. There was evidence before the court on the hearing of those matters. The ruling of the court was on questions of fact, as disclosed by the evidence, and is binding on this court if there was evidence to support it. It appears that there was a formal hearing before the arbitrators in which both parties were represented by counsel, there was a stenographer to take the testimony, and witnesses were called and examined as in a court. After these hearings were concluded, and without the knowledge of the Kansas Flour Mills Corporation or its counsel, one of the claimants took before the arbitrators a certain map which differed from any map which had been offered in evidence, which he explained to them, and which it develops was used and relied upon materially by the arbitrators in reaching their award. It was further disclosed that the arbitrators, or some of them, consulted an engineer at Manhattan and another at Kansas City without the knowledge of the Kansas Flour Mills Corporation or its counsel, who had no opportunity to cross-examine such engineers or the person producing the additional map, or to furnish any evidence in rebuttal thereto, if such were needed. We think these matters constituted sufficient evidence to sustain the finding of the trial court of misbehavior. (5 C. J. 186, 189, 190; 2 R. C. L. 393; 2 A. & E. Enc. of L. 2d ed. 646; *Berizzi Co. v. Krausz*, 239 N. Y. 315; *Rand, Johnson & Co. v. Peel*, 74 Miss. 305; *Jackson v. Roane*, 90 Ga. 669; *Jessup & Moore Paper Co. v. A. S. Reed & Bro. Co.*, 87 Atl. 1011 [Del.]. As bearing on the question see, also, *Thompson v. Barber*, 87 Kan. 692, 696, 125 Pac. 33; *Contracting Co. v. Railway Co.*, 102 Kan. 799, 172 Pac. 527.)

Appellants contend that counsel for appellee had consented at the close of the formal hearing that the arbitrators might receive additional evidence, but the court found there was no consent applying to matters above referred to, and that finding is sustained by the evidence. The result is that the order of the court in setting aside the award of the arbitrators must stand.

Turning now to the matter raised by the cross appeal, we think it was error for the court to refer the matter to the same arbitrators for a rehearing. The arbitrators, or a majority of them, having found for claimants, the Kansas Flour Mills Corporation, and its counsel having raised the question of their misbehavior in connection with the hearing, on which question testimony had been taken, arguments made and briefs filed, it could hardly be expected that the rehearing could be undertaken and conducted before the same arbitrators without some feeling or prejudice which would prevent, or tend to prevent, a fair and impartial consideration of the matter.

The order of the court setting aside the report of the arbitrators is affirmed, and the order of the court rereferring the matter to the same arbitrators for rehearing is set aside for such further proceedings as may be proper.