[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON APPLICATION TO VACATE
The plaintiff, American Federation of State County Municipal Employees, "AFSCME" (hereinafter "Union"), has brought this action to vacate an arbitration award rendered on November 7, 1994.
Facts
The following facts are not in dispute: The Union and the CT Page 2045 defendant, State of Connecticut, Department of Children Families, "DCF" (hereinafter "State"), were parties to a collective bargaining agreement. Article 15, Section 9(c) of that collective bargaining agreement provides that "the arbitrator shall render his/her decision in writing no later than thirty (30) calendar days after the conclusion of the hearing unless the parties jointly agree otherwise." Pursuant to the collective bargaining agreement, the Union and the State submitted a grievance to arbitration concerning Michael Jefferson, an employee of DCF who worked at Long Lane School. Arbitration hearings were held on September 6, 1994 and September 9, 1994. At the September 6, 1994 hearing the union requested that the State disclose the medical and psychiatric records of D.D., a 16 year old resident of Long Land School, who claimed that Jefferson had improper sexual contact with her during the course of his employment at Long Lane. That State refused to disclose the records of D.D. based on §§ 17a-28 and 46b-124
and provided the arbitrator with a copy of those statutes. The arbitrator refused to order the State to disclose the records.
On October 4, 1994 the arbitrator received briefs from both parties and closed the hearing. On November 3, 1994, the arbitrator contacted both the State and the Union and requested an extension of time to render his decision until November 7 or 8, 1994. Both parties verbally agreed to the extension of time. On November 7, 1994 the arbitration award was issued.[1]
The issue before the arbitrator was, "[w]as the termination of Michael Jefferson for just cause? If, not, what shall be the remedy?" The arbitrator found that the termination was for just cause. Thereafter, on December 2, 1994, the Union filed the Application to Vacate Arbitration Award.
Ruling
The Application to Vacate Arbitration Award is based on the following arguments:
1. The arbitration is invalid because it was not timely under Connecticut General Statutes § 52-416 (a)
2. The arbitrator was guilty of misconduct under Connecticut General Statutes § 52-416 (a)(3) in that he refused to allow the Union access to the Complainant's medical and psychiatric records thereby precluding them from being introduced into evidence. CT Page 2046
Connecticut General Statutes § 52-416 (a) provides:
 Time within which award shall be rendered. Notice. (a) If the time within which an award is rendered has not been fixed in the arbitration agreement, the arbitrator or arbitrators or umpire shall render the award within thirty days from the date the hearing or hearings are completed, or, if the parties are to submit additional material after the hearing or hearings, thirty days from the date fixed by the arbitrator or arbitrators or umpire for the receipt of the material. An award made after that time shall have no legal effect, unless the parties expressly extend the time in which the award may be made by an extension or ratification in writing.
In Administrative Residual Employees Union v. State,200 Conn. 345, 510 A.2d 989 (1986), the Connecticut Supreme Court addressed an argument virtually identical to that made by the Union here and held that § 52-416 (a) did not require that extensions of time in which an arbitrator must issue his award be in writing where the arbitration agreement fixed the time limitations and allowed for oral extensions. The Court stated:
 "Arbitration is the voluntary submission, by the interested parties, of an existing or future dispute to a disinterested person or persons for final determination." Gores v. Rosenthal, 150 Conn. 554, 557, 192 A.2d 210 (1963). It is a creature of contract; Carroll v. Aetna Casualty Surety Co., 189 Conn. 16, 20, 453 A.2d 1158 (1983); Waterbury v. Waterbury Police Union, 176 Conn. 401, 403, 407 A.2d 1013 (1979); and the parties are free to limit the arbitrator's powers. Board of Education v. AFSCME, 195 Conn. 266, 269, 487 A.2d 553 (1985), Conn. Union of Telephone Workers v. So. N.E. Telephone Co, 148 Conn. 192, 197, 169 A.2d 646 (1961). The arbitration agreement and the submission constitute "the charter of the entire arbitration proceedings"; Gores v. Rosenthal, supra, 557-58; and define the powers of the arbitrator and the issues to be decided. The plaintiff urges upon us a construction of General Statutes 52-416 (a) that would eclipse the right of parties to define contractually the role that arbitration will play in the resolution of their disputes, but we reject this suggestion. The statute begins with the condition: "[i]f the time within which an award is rendered has not been fixed in the arbitration agreement. . . ." We construe this proviso as making CT Page 2047 the application of the entire section, including the requirement that extensions be in writing, conditional upon the parties having not agreed otherwise. This reading is consistent with our general policy of construing our arbitration statutes liberally to encourage the use of arbitration as an alternate form of dispute resolution. International Brotherhood of Teamsters v. Shapiro, 138 Conn. 57, 68-69, 82 A.2d 345 (1951). The plaintiff relies on our decision in Marsala v. Valve Coloration of America, 157 Conn. 362, 254 A.2d 469 (1969), where we held that 52-416 invalidated an award because it was not rendered within the statutory period. Marsala, however, involved arbitration under a collective bargaining agreement which had no provision governing the time limitations on the arbitrator to render his award and was a case where the parties did not agree either orally or in writing to extend the time limitation. Id., 369-70. The case is therefore inapposite. We also point out that in Marsala, we invalidated the award only grudgingly and commented that "we find nothing to commend in this plaintiff's conduct in seeking to have the award vacated under 52-416." Id., 369. Arbitration is a favored means of settling differences and an arbitration award will be upheld unless it clearly falls within the proscriptions of General 287, 290, 377 A.2d 323 (1977); International National Union v. Fatnir Bearing Co., 151 Conn. 650, 653, 201 A.2d 656 (1964). "`Every reasonable presumption and intendment will be made in favor of the award and of the arbitrators' acts and proceedings. . . .' Gary Excavating Co. v. North Haven, 160 Conn. 411, 413, 279 A.2d 543 (1971)." Board of Education v. AFSCME, supra, 270-71.
200 Conn. at 348-349.
The plaintiff in Administrative Residual Employee Union v.State relied on Marsala v. Valve Coloration of America,157 Conn. 362, 254 A.2d 469 (1969), as does the plaintiff here. The collective bargaining agreement in Administrative ResidualEmployees Union v. State, like that in this case, did not require a written extension for rendering the arbitration award. Based on the foregoing the plaintiffs first ground is insufficient to warrant a vacation of the arbitration award.
Connecticut General Statutes § 52-418 (a)(3) provides that an arbitration award can be vacated if the court finds: CT Page 2048
 the arbitrators have been guilty of misconduct in refusing to postpone the hearing upon sufficient cause shown or in refusing to hear evidence pertinent and material to the controversy or of any other action by which the rights of any party have been prejudiced.
 In O G/O'Connell v. Chase Family Ltd. Part. #3,203 Conn. 133, 523 A.2d 1271 (1987), the Connecticut Supreme Court listed examples of misconduct under § 52-418 (3):
 Among the actions that have been found to constitute such misconduct on the part of an arbitrator as would warrant vacating an arbitration award are the following: participation in ex parte communications with a party or a witness, without the knowledge or consent of the other party; Whitehair v. Kansas Flour Mills Corporation, 127 Kan. 877, 879, 275 P. 190 (1929); Matter of Goldfinger v. Lisker, 68 N.Y.2d 225, 232, 500 N.E.2d 857, 508 N.Y.S.2d 159
(1986); ex parte receipt of evidence as to a material fact, without notice to a party; Hewitt v. Village of Reed City, 124 Mich. 6, 8, 82 N.W. 616 (1900); Reisman v. Ranoel Realty Co., 224 Pa. Super. 220, 224, 303 A.2d 511 (1973); holding hearings or conducting deliberations in the absence of a member of an arbitration panel, or rendering an award without consulting a panel member; see Continental Bank Supply Co. v. International Brotherhood of Bookbinders, 239 Mo. App. 1247, 1258, 201 S.W.2d 531 (1947); undertaking an independent investigation into a material matter after the close of hearings and without notice to the parties; Matter of Goldfinger v. Lisker, supra; and accepting gifts or other hospitality from a party during the proceedings. See Robinson v. Shanks, 118 Ind. 125, 130, 20 N.E. 713 (1889). An award may likewise be set aside on the basis of procedural error by an arbitration panel if, for instance, the panel arbitrarily denies a reasonable request for postponement of a hearing; Fairchild Co. v. Richmond, F. P. R. Co., 516 F. Sup. 1305, 1313 (D.D.C. 1981); see Two Sisters, Inc. v. Gosch Co., 171 Conn. 493, 499 n. 4, 370 A.2d 1020
(1976); or commits an egregious evidentiary error, such as refusing to hear material evidence or precluding a party's efforts to develop a full record. Bell Aerospace Co. v. Local 516, 500 F.2d 921, 923 (2d Cir. 1974); Newark Stereotypers' Union No. 18 v. Newark Morning Ledger Co., 397 F.2d 594, 599 (3d Cir.), cert. denied, 393 U.S. 954, 89 S.Ct. 378, 21 L.Ed.2d 365 (1968); Fairchild Co. v. Richmond,
CT Page 2049 F. P. R. Co., supra, 1314; Cobec Brazilian Trading Warehousing Corporation v. Isbrandtsen, 524 F. Sup. 7, 10
(S.D.N.Y. 1980).
203 Conn. at 146-7.
The Court in O C/O'Connell recognized that in the determination of whether an arbitrator had committed an egregious error the "arbitrators are accorded substantial discretion in determining the admissibility of evidence, particularly in the case of an unrestricted submission, which relieve[s] the arbitrators of the obligation to follow strict rules of law and evidence in reaching their decision'" 203 Conn. at. 148. It also refused to "interpret § 52-418 (a)(3) as mandating that every failure or refusal to receive evidence, even relevant evidence, constitutes misconduct." 203 Conn. at 149.
The plaintiff cannot claim that the arbitrator refused to allow records of D.D. into evidence, because those records were not offered by the plaintiff. Instead, the plaintiff requested that the arbitrator, a neutral party, act as its agent and obtain records on its behalf. The plaintiff has presented no authority which suggests that an arbitrator's duties include such actions. Moreover, the records in question were protected from disclosure by Connecticut General Statutes §§ 17a-28 and 46b-124, which provide, in pertinent part:
 Sec. 17a-28. (b) Notwithstanding the provisions of section 1-19, 1-19a or 1-19b, records maintained by the department shall be confidential and shall not be disclosed. Neither the commissioner nor any of his employees shall disclose, in whole or in part, the nature or content of any records of any person to any individual, agency, corporation or organization without the consent of the person, his attorney or his authorized representative. Any unauthorized disclosure shall be punishable by a fine of not more than one thousand dollars or imprisonment for not more than one year, or both.
 Sec. 46b-124. Records. (a) All records of cases of juvenile matters as defined in section 46b-121, or any part thereof, including studies and reports by probation officers, social agencies and clinics, shall be confidential and for the use of the court in juvenile matters, and open to inspection or disclosure to any third party, including bona fide researchers commissioned by a state agency, only upon order of the CT Page 2050 superior court, . . .
Section 17a-28 (k)(2) permits any person denied access to records by the commissioner, to petition the superior court for access to those records. Section 46b-124 also provides for disclosure of records only upon order of the superior court. The plaintiff failed to seek court intervention under either statute.
The arbitrator lacked the power to order disclosure of the records of D.D. His failure exercise power he did not possess certainly was not misconduct.
For the reasons set forth above, the second ground advanced by the plaintiff is also insufficient to warrant vacation of the arbitration award. The Application to Vacate Arbitration Award is, therefore, denied.
Aurigemma, J.