LANDIS GORES *v.* RICHARD L. ROSENTHAL

BALDWIN, C. J., KING, MURPHY, SHEA and ALCORN, Js.

Argued April 3—decided May 28, 1963

*David S. Maclay,* for the appellant (plaintiff).

*Francis J. McNamara, Jr.,* with whom, on the brief, were *Walter B. Lockwood* and *Clifford R. Oviatt, Jr.,* for the appellee (defendant).

MURPHY, J. The plaintiff, an architect, entered into a written contract with the defendant, a property owner, on October 23, 1952, under which he contracted to render architectural services in the design and construction of a substantial residence, with certain appurtenances, for the defendant. For these services the defendant agreed to pay the plaintiff, in percentages at certain stages of the work, a basic fee of $7000, and in addition to reimburse him for the specific services of consultants. Paragraph thirteen of the contract provided: "Any controversy or claim arising out of or relating to this contract, or the breach thereof, shall be settled by arbitration in accordance with the Rules of the American Arbitration Association, and judgment upon the award rendered by the Arbitrator may be entered in any Court having jurisdiction thereof."

In this action, by complaint dated March 25, 1959, the plaintiff sought an order directing the defendant to proceed to arbitrate the question whether a balance of $1750 was due the plaintiff for services rendered prior to April, 1953. The defendant, in an affirmative defense in his answer and in a cross complaint filed therewith, asserted that he was ready and willing to arbitrate any dispute arising out of or relating to the contract or the breach thereof but the plaintiff had neglected and refused to perform according to the agreement for arbitration. The trial court rendered judgment on November 7, 1961, directing the parties to proceed forthwith with arbitration of any and all claims and matters in dispute, presently existing, arising out of or relating to the contract between them dated October 23, 1952, in accordance with the rules of the American Arbitration Association. The plaintiff has appealed.

Although it may seem paradoxical that a party who affirmatively seeks arbitration should attempt to thwart a judgment directing that procedure, recourse to the record in *Gores* v. *Rosenthal*, 148 Conn. 218, 169 A.2d 639, provides the answer. In that action, which will hereinafter be referred to as the first case and involves the same parties, the plaintiff, on July 13, 1956, brought suit to recover damages of $25,000 for architectural services allegedly rendered to the defendant pursuant to a request made on or about March 26, 1953. A-394 Rec. & Briefs 68. The defendant denied the allegations of the complaint and in a counterclaim alleged that the only contract between the parties was the one involved in the present case and that the defendant was willing to arbitrate under it, and the defendant sought an order staying proceedings in

the first case and ordering arbitration under the 1952 contract. Id., back of p. 75. It was not until after the plaintiff was unsuccessful in expunging the counterclaim in the first case that he instituted this one. After much legal maneuvering in the first case, action therein was stayed by the trial court. An appeal from that order was dismissed. *Gores* v. *Rosenthal,* supra.

Arbitration is the voluntary submission, by the interested parties, of an existing or future dispute to a disinterested person or persons for final determination. It is intended to avoid the formalities, the delay, the expense and vexation of ordinary litigation. *Colt's Industrial Union* v. *Colt's Mfg. Co.,* 137 Conn. 305, 309, 77 A.2d 301; *In re Curtis -Castle Arbitration,* 64 Conn. 501, 511, 30 A. 769. No one can be directed to arbitrate a dispute who has not previously agreed to do so, but where there is such an agreement the courts are empowered to direct compliance with its provisions. *Batter Building Materials Co.* v. *Kirschner,* 142 Conn. 1, 5, 110 A.2d 464; *International Brotherhood* v. *Shapiro,* 138 Conn. 57, 63, 82 A.2d 345. That is exactly what the trial court has attempted to accomplish by its judgment. More than ten years have now elapsed since the dispute under the contract is alleged to have arisen. What that dispute is and the extent of it, as well as what are any other disputes arising out of or relating to the contract, and the extent of them, must be submitted to the forum and be determined by the rules to which the parties have voluntarily agreed, i.e. those of the American Arbitration Association. An agreement for the submission of an issue or issues to arbitration constitutes the charter of the entire arbitration proceedings and defines and limits the issues to be decided by the

arbitrators. *Amalgamated Assn.* v. *Connecticut Co.,* 142 Conn. 186, 191, 112 A.2d 501. The court has done no more than incorporate in its judgment the language of the arbitration clause to which the parties agreed. So far as this case is concerned, the agreement to arbitrate has not produced the expeditious disposition contemplated in 1952.

"Arbitration may or may not be a desirable substitute for trials in courts; as to that the parties must decide in each instance. But when they have adopted it, they must be content with its informalities; they may not hedge it about with those procedural limitations which it is precisely its purpose to avoid. They must content themselves with looser approximations to the enforcement of their rights than those that the law accords them, when they resort to its machinery." *American Almond Products Co.* v. *Consolidated Pecan Sales Co.,* 144 F.2d 448, 451 (2d Cir.) (L. Hand, J.).

There is no error.

In this opinion the other judges concurred.