ADMINISTRATIVE AND RESIDUAL EMPLOYEES UNION, AFT/CSFT, AFL-CIO *v.* STATE OF CONNECTICUT (12724)

PETERS, C. J., SHEA, DANNEHY, SANTANIELLO and CALLAHAN, JS.

Argued April 8—decision released July 1, 1986

*Robert F. McWeeny,* for the appellant (plaintiff).

*Brian J. Comerford,* assistant attorney general, with whom were *Josephine Lauriello,* assistant attorney

general, and, on the brief, *Joseph I. Lieberman,* attorney general, and *Robert E. Walsh,* assistant attorney general, for the appellee (state).

SANTANIELLO, J. The sole issue on this appeal is whether General Statutes § 52-416 (a)[1] requires that extensions of time in which an arbitrator must issue his award be in writing where the arbitration agreement fixes the time limitations and allows for oral extensions. The appeal arises out of the arbitration of an employee grievance under the collective bargaining agreement in effect between the plaintiff, the Administrative and Residual Employees Union, AFT/CSFT, AFL-CIO, and the state of Connecticut. The arbitrator issued his award two and one-half months after the arbitration hearings had been concluded. The plaintiff applied to the Superior Court to vacate the award pursuant to General Statutes § 52-418 on the ground that the arbitrator had failed to issue his award within the contractual thirty day period. The trial court denied the application and the plaintiff appeals. We find no error.

The trial court, sitting as trier of fact, could reasonably have found the following. The parties entered into a collective bargaining agreement which provided for the arbitration of employment grievances and which specifically required the arbitrator to "render his decision in writing no later than thirty (30) days after the conclusion of the hearing unless the parties jointly

---

[1] General Statutes § 52-416 (a) provides: "If the time within which an award is rendered has not been fixed in the arbitration agreement, the arbitrator or arbitrators or umpire shall render the award within thirty days from the date the hearing or hearings are completed, or, if the parties are to submit additional material after the hearing or hearings, thirty days from the date fixed by the arbitrator or arbitrators or umpire for the receipt of the material. An award made after that time shall have no legal effect unless the parties expressly extend the time in which the award may be made by an extension or ratification in writing."

agree otherwise." The arbitration hearing for the grievance in question was conducted on October 11, 1983. The parties thereafter orally agreed to extend the arbitrator's time for issuing an award until December 14, 1983. The arbitrator issued his award in favor of the state on December 12, 1983.

The plaintiff applied to vacate the award under General Statutes § 52-418 (a) which provides: "[u]pon the application of any party to an arbitration, the superior court . . . shall make an order vacating the award if it finds . . . [that] the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made." The plaintiff claimed that the arbitrator exceeded his authority under the bargaining agreement by rendering his decision more than thirty days after the hearings were conducted. The state argued that the contractual time period was extended by oral agreement, but the plaintiff countered that under General Statutes § 52-416 (a) the extension must be in writing to be valid. The trial court found the issues in favor of the state and ruled that § 52-416 (a) does not require written extensions where the parties have agreed in their arbitration contract to permit oral extensions. The court concluded that the collective bargaining agreement between the parties in this case allowed them to extend the thirty day time limitation orally and accordingly denied the application.

On appeal, the plaintiff does not question the trial court's factual finding that the parties orally agreed to extend the time period to December 14, 1983, nor does it contest the court's interpretation of the collective bargaining agreement that the contract permits oral extensions. The sole question presented is whether General Statutes § 52-416 (a) requires that agreements to extend the time in which an arbitrator must render his decision be in writing where the parties have agreed

to their own time limitations and have allowed for oral extensions. Section 52-416 (a) provides: "If the time within which an award is rendered has not been fixed in the arbitration agreement, the arbitrator or arbitrators or umpire shall render the award within thirty days from the date the hearing or hearings are completed . . . . An award made after that time shall have no legal effect unless the parties expressly extend the time in which the award may be made by an extension or ratification in writing." The plaintiff argues that the statute requires extensions to be in writing regardless of whether the parties provide otherwise in their arbitration agreement. We disagree.

"Arbitration is the voluntary submission, by the interested parties, of an existing or future dispute to a disinterested person or persons for final determination." *Gores* v. *Rosenthal,* 150 Conn. 554, 557, 192 A.2d 210 (1963). It is a creature of contract; *Carroll* v. *Aetna Casualty & Surety Co.,* 189 Conn. 16, 20, 453 A.2d 1158 (1983); *Waterbury* v. *Waterbury Police Union,* 176 Conn. 401, 403, 407 A.2d 1013 (1979); and the parties are free to limit the arbitrator's powers. *Board of Education* v. *AFSCME,* 195 Conn. 266, 269, 487 A.2d 553 (1985); *Conn. Union of Telephone Workers* v. *So. N.E. Telephone Co.,* 148 Conn. 192, 197, 169 A.2d 646 (1961). The arbitration agreement and the submission constitute "the charter of the entire arbitration proceedings"; *Gores* v. *Rosenthal,* supra, 557–58; and define the powers of the arbitrator and the issues to be decided.

The plaintiff urges upon us a construction of General Statutes § 52-416 (a) that would eclipse the right of parties to define contractually the role that arbitration will play in the resolution of their disputes, but we reject this suggestion. The statute begins with the condition: "[i]f the time within which an award is rendered has not been fixed in the arbitration agreement . . . ." We construe this proviso as making the application of

the entire section, including the requirement that extensions be in writing, conditional upon the parties having not agreed otherwise. This reading is consistent with our general policy of construing our arbitration statutes liberally to encourage the use of arbitration as an alternate form of dispute resolution. *International Brotherhood of Teamsters* v. *Shapiro,* 138 Conn. 57, 68–69, 82 A.2d 345 (1951).

The plaintiff relies on our decision in *Marsala* v. *Valve Corporation of America,* 157 Conn. 362, 254 A.2d 469 (1969), where we held that § 52-416 invalidated an award because it was not rendered within the statutory period. *Marsala,* however, involved arbitration under a collective bargaining agreement which had no provision governing the time limitations on the arbitrator to render his award and was a case where the parties did not agree either orally or in writing to extend the time limitation. Id., 369–70. The case is therefore inapposite. We also point out that in *Marsala,* we invalidated the award only grudgingly and commented that "we find nothing to commend in this plaintiff's conduct in seeking to have the award vacated under § 52-416." Id., 369. Arbitration is a favored means of settling differences and an arbitration award will be upheld unless it clearly falls within the proscriptions of General Statutes § 52-418. *Board of Education* v. *Bridgeport Education Assn.,* 173 Conn. 287, 290, 377 A.2d 323 (1977); *International Union* v. *Fafnir Bearing Co.,* 151 Conn. 650, 653, 201 A.2d 656 (1964). " 'Every reasonable presumption and intendment will be made in favor of the award and of the arbitrators' acts and proceedings. . . . ' *Gary Excavating Co.* v. *North Haven,* 160 Conn. 411, 413, 279 A.2d 543 (1971)." *Board of Education* v. *AFSCME,* supra, 270–71.

It is our conclusion that General Statutes § 52-416 (a) does not invalidate the arbitration award issued in

this case and that the trial court did not err in denying the plaintiff's application.

There is no error.

In this opinion the other justices concurred.