[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: ARBITRATOR'S AWARD (NOS. 105, 105.01, 105.02)
JoAnne Artese ("claimant") was injured in an automobile accident with an underinsured motorist. After the tortfeasor paid her his policy limit of $25,000.00, she sought underinsured motorist benefits under her mother's policy and her brother's policy, claiming that they were all related and lived in the same household.
Claimant was awarded $25,000.00 by an arbitration award dated September 18, 1991. Respondent, Allstate Insurance Company, moved to confirm the award and claimant moved to vacate, correct or modify.
The arbitrators held a hearing on July 25, 1991 and took evidence. At the close of evidence, one of the arbitrators announced that the hearing was not concluded as briefs were to be filed and the arbitrators would meet again to review the briefs and decide the matter. By agreement, briefs were to be filed by August 6, 1991. The arbitrators met on September 18, 1991, and rendered their award on the same day.
I. TIMELINESS
Claimant asks that the award be vacated for several reasons, the first of which is that the award was untimely under Connecticut General Statutes 52-416, which states in subsection (a);
 If the time within which an award is rendered has not been fixed in the arbitration agreement, the arbitrator or arbitrators or umpire shall render the award within thirty days from the date the hearing or hearings are completed, or, if the parties are to submit additional material after the hearing or hearings, thirty days from the date fixed by the arbitrator or arbitrators or umpire for the receipt of the material. An award made after that time shall have no legal effect unless the parties expressly extend the time in which the award may be made by an extension or ratification in writing. [Emphasis added.]
Claimant concedes that there was an agreement to extend the hearing to August 6, 1991, to file briefs but denies any agreement to extend beyond that date. Obviously, the CT Page 1774 September 18th award came more than thirty days after August 6th.
Respondent argues that one arbitrator's statement that they would meet some time after receiving the briefs and that he would not consider the hearing closed until the arbitrators met again constituted an agreement to waive the thirty day time limit.
There are two flaws in respondent's argument, either of which is fatal to its claim.
First, Connecticut General Statutes 52-416 requires that any extension of the thirty day time limit must be in writing to be effective; otherwise, the award shall have "no legal effect." There was no agreement in writing; therefore, the award was untimely.
Secondly, there is no evidence whatever of any agreement to extend the hearing beyond August 6th. Connecticut General Statutes 52-416 provides for the thirty day period to start after additional materials (such as briefs) are received. The agreement was no more than the statute authorizes. One arbitrator's unilateral statement that he would not consider the hearing closed until the arbitrators met again does not constitute an agreement. Respondent's argument that claimant's failure to object to the statement made it an agreement flies in the face of common sense and reason. Such an "implied agreement" would mean that the arbitrators could meet whenever they wished after receiving the briefs, even if it were five years later, and the award would be timely.
Respondent cites cases which are inappropriate and involve contract language as to when the award had to be rendered. None held that the statutory time period could be extended other than by agreement.
Kilpatrick v. Connecticut Education Assn., Inc., 23 C.A. 727 (1991), held that the thirty day time limit in the parties' contract was directory, not mandatory and Connecticut General Statutes 52-416 did not apply.
AFSCME v. New Britain, 206 Conn. 465 (1988) held that the fifteen day time period for arbitration awards in the contract was directory only.
Administrative Residual Employees Union v. State,200 Conn. 345, 347, 348 (1986) involved a contract between the parties which the court held allowed for an oral extension of the contract's thirty day time period for arbitration awards.
Diamond Fertilizer Chemical Corp. v. Commodities CT Page 1775 Trading Intl. Corp., 211 Conn. 541 (1989), held that the case was not governed by the statutory thirty day period but rather by the time limits of the Society of Maritime Arbitrators to which the parties had agreed.
The award must be vacated on this ground; however, in the event an appeals court disagrees, the other claims will also be addressed.
II. IMPERFECT EXECUTION
Claimant alleges that she has a right of de novo review of the coverage question submitted to the arbitrators. The award stated that:
 "After hearing testimony and reviewing exhibits, the arbitrators find in favor of the claimant, JoAnne Artese in the above entitled matter and award said claimant the sum of Twenty-five Thousand ($25,000.00) Dollars."
Connecticut General Statutes 52-418 requires that an award be vacated if the arbitrators have:
 ". . . so imperfectly executed [their powers] that a mutual, final and definite award upon the subject matter submitted was not made."
Claimant correctly cites American Universal Ins. Co. v. DelGreco, 205 Conn. 178 (1987) for the proposition that she has a right to de novo review of the insurance coverage question. Connecticut General Statutes 38-175c(a)(1), in effect at the time of the claim, was held to require compulsory arbitration of uninsured motorist coverage. The court stated at p. 191:
 "Accordingly, we hold that, where judicial review of compulsory arbitration proceedings required by 38-175c(a)(1) is undertaken under General Statutes 52-418, the reviewing court must conduct a de novo review of the interpretation and application of the law by the arbitrators." [Emphasis supplied.]
This principle was stated again in Aetna Life Casualty Co. v. Budlong, 218 Conn. 51, 58 (1991).
Cases cited by respondent to the effect that the arbitrators do not have to make findings of fact or explain the award are inapposite. The arbitrators did not address the coverage question in their award at all. Under the rationale of DelGreco and Budlong, supra, claimant was entitled to a decision CT Page 1776 on the coverage issues and judicial review of that decision.
The arbitrators have imperfectly executed their powers in this respect. The court cannot review the coverage determination made by the arbitrators as the award is completely silent on those issues. The award must be vacated for this reason.
III. REVIEW OF FACTS FOUND
Claimant argues that she is entitled to have this court review any facts found by the arbitrators under the "substantial evidence test" normally used to review the findings of administrative agencies. This review is indeed mandated in the uninsured motorist context by Chmielewski v. Aetna Casualty and Surety Co., 218 Conn. 646 (1991).
The court agrees with respondent's contention that Chmielewski prohibits de novo review of factual issues. Claimant does not seek such review. Rather, she asks, and Chmielewski allows, this court to conduct the more limited "substantial evidence" review. That review requires the court to read the record of the proceedings to determine whether there is substantial evidence to support the basic factual findings and whether any conclusions drawn from those facts are reasonable. See Connecticut Light Power v. DPUC, 216 Conn. 627,639 (1990).
Claimant pursued coverage under two uninsured motorist policies; one in the amount of $50,000.00 belonging to her mother and the other (stacked on two vehicles) in the amount of $200,000.00 belonging to her brother. Claimant exhausted the tortfeasors $25,000.00 policy before these claims were made. The court cannot determine from the award whether the arbitrators applied the credit of $25,000.00 toward the $50,000.00 policy and found that claimant's case was worth only another $25,000.00 or whether claimant's case was worth more than the additional $25,000.00 but that there was no coverage under the larger policy based on the evidence. Claimant's brother and his wife lived in the basement of claimant's mother's house. Claimant and her mother had the first floor section of the house. There was a dispute as to whether claimant, her mother and brother all resided in the same household.
In this respect the arbitrators have imperfectly executed their power. The court cannot apply the substantial evidence test it must use in reviewing the factual determinations because none were made. The award must be vacated on this ground as well.
Claimant's motion to vacate is granted on all grounds claimed. CT Page 1777
E. EUGENE SPEAR, JUDGE