[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
SUPPLEMENTAL MEMORANDUM OF DECISION RE APPLICATION
Plaintiff moves to confirm an arbitration award. Defendant Borough of Jewett City (Borough) objects claiming because no "award" was validly issued.
Facts
The plaintiff and the defendant were parties to a collective bargaining, agreement effective January 1, 1990 through June 30, 1992. Pursuant to Conn. Gen. Stat. § 7-473c(a) the Connecticut State Board of Mediation and Arbitration (hereinafter the "SBMA") imposed mandatory binding arbitration upon plaintiff and defendant.
On May 11, 1993, plaintiff submitted the following stipulation to the arbitration panel:
 The Board of Jewett City Town Employer and the NAGE Local RI-152 agree to waive the provisions of Conn. Gen. Stat. § 7-473c and stipulate to the attached collective bargaining agreement as the award of the panel of arbitrators in Case No. 9132-MBA-257.
After several days of hearings they reached agreement on all unresolved issues.
As a result, on May 11, 1993 the parties agreed to waive the provisions of Conn. Gen. Stat. § 7-473c and had the panel issue the parties' stipulated terms as the award of the panel. That award is as follows:
"STIPULATED AWARD
 After several days of hearings before the below signed panel, the parties reach [sic] agreement upon all unresolved issue [sic] on May 11, 1993 and submitted the following stipulation to the Panel:
 The Borough of Jewett City Town Employees and NAGE Local RI-352 agree to waive the provisions of Conn. Gen. Stat. § 7-473c and stipulate to the attached collective bargaining agreement as the award of the panel of CT Page 8180 arbitrators in Case No. 9192-MBA-257.
Accordingly, the panel hereby issues the attached stipulated collective bargaining agreement as the award of the panel."
There was attached an unsigned agreement of some 24 pages.
The panel signed its award but no one signed the attached agreement.
The Borough did not reject the award within twenty-five days of its receipt under C.G.S. § 7-473c(d)(5).
On June 12, 1993 pursuant to Special Act 93-4 a receivership was established for the Borough and on July 23, 1993 C. Francis Driscoll was appointed by the governor as the receiver of the Borough to manage its financial affairs.
This court granted the receiver's motion to intervene on August 9, 1993 and on October 4, 1993, the receiver moved to dismiss the action claiming the court had no subject matter jurisdiction because the arbitrators lacked authority to issue a "stipulated award" and, thus, no award existed within the meaning of Conn. Gen. Stat. § 7-473c or § 52-417. On March 7, 1994, the court, Hennessey, J., denied the receiver's motion to dismiss. The receiver now opposes the plaintiff's application to confirm the stipulated award based on the same grounds.
LAW
Our courts truly support and encourage arbitration.AFSCME v, New Britain, 206 Conn. 465, 469,Administrative Residual Employees Union v. State,200 Conn. 345, 349. The legislature favors non-judicial dispute resolution. P.A. 93-108; C.G.S. § 52-408 et seq.
This matter was effectively resolved by the parties under C.G.S. § 7-473c(d)(1) which specifically provides that the arbitration "panel shall treat each unresolved issue set forth in the arbitration statement as a separate question to be decided by it." There were no unresolved issues.
In addition subsection (f) of that section provides as follows: CT Page 8181
 (f) A municipal employer and municipal employee organization, may, at any time, file with the state board of mediation and arbitration a joint stipulation modifying, deferring or waiving any or all of the provisions of this section, modifying, deferring or waiving any or all of the provisions of a previously filed stipulation, and any such stipulation shall be controlling over the provisions of this section or of any previously filed stipulation.
The statute itself states:
 The decision of the panel and the resolved issues shall be final and binding upon the municipal employer and the municipal employee organization except as provided in subdivision (5) of this subsection and, if such award is not rejected by the legislative body pursuant to said subdivision, except that a motion to vacate or modify such decision may be made in accordance with sections 52-418 and 52-419.
The "decision or the panel" here was final and in addition all the issues were resolved and thus they, too, are final.
The receiver points to no powers he has which the Borough did not have. On March 31, 1993 Special Act 93-4 was approved. It empowers the receiver but does not permit him to invalidate either collective bargaining agreements or arbitration awards.
This was an award and it must be confirmed. C.G.S. § 52-417.
The motion to dismiss is denied.
The application to confirm the award is granted.
N. O'Neill, J.