[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE VACATION OF ARBITRATION AWARD
Plaintiff seeks vacation of this arbitration award for arbitrator misconduct. The alleged misconduct is "in refusing to hear evidence pertinent and material to the controversy and in wholly disregarding the testimony of the Union's witnesses." Plaintiff also alleges that such misconduct prejudiced the Union's rights.
 FACTS
The grievant worked for the defendant for about 26 years and by 1991 has achieved the position of party chief of the city's public works department. In the city's 1991-1992 city budget the position of party chief was eliminated "due to budget restraints". He then was given a lesser job of Rodman I. He stayed in that job until July 1992 when he was returned to the party chief position. CT Page 5235
A grievance was filed July 8, 1991 for plaintiff. It went to arbitration in 1993 and the issues submitted for arbitration were:
Whether this grievance is arbitrable under the contractual grievance procedure.
If so, what shall the remedy be?
A hearing was held May 14, 1993. The plaintiff put on testimony in regard to the arbitrability and the city then withdrew its claim of lack of arbitrability. The case continued in regard to the grievance itself. As to that issue no witnesses were produced for grievant.
The argument proposed for the grievant was basically that the city action in regard to removing the party chief position was not motivated by financial necessity. The arbitrators found it was and that the city's action was reasonable.
The award reads as follows:
 AWARD
No, the City did not violate the collective bargaining agreement of the parties when it laid off the Grievant in June 24, 1991.
 Argument
Plaintiff argues that the testimony was ignored in that the testimony of its witnesses who testified on the first issue was ignored on the substantive issue. It also argues that the arbitrators refused to consider evidence of prior negotiations between the Union and the City.
 Law
I. Failure to Consider Prior Testimony
The arbitrators heard the plaintiff's testimony in regard to arbitrability. From their memorandum they do not seem to consider it pertinent to the substantive issue. That was their action and this court must not only act liberally to uphold an award but make every presumption in its favor. Administrative and ResidualCT Page 5236Employees Union v. State, 200 Conn. 345, 349.
In addition the plaintiff has failed in its burden of proof to show that it was deprived of a full and fair hearing.O G/O'Connell Joint Venture v. Chase Family Limited PartnershipNo. 3., 203 Conn. 133, 149.
II. Failure to Admit Evidence of Prior Negotiations
The plaintiff does not complain that the proffered evidence of the negotiations would show some inconsistency in defendant's position or claims and thus the refusal to hear such evidence is not error. Bartolotta v. Calvo, 112 Conn. 385, 395-396.
Plaintiff has failed to prove any misconduct on the part of the arbitration in violation of C.G.S. § 52-418 (a).
Application denied.
N. O'Neill, J.