[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS
 Background
This is a lawsuit arising out of the sale of residential real estate. The plaintiffs Stephen Gruner and Susan Gruner ("Gruners") seek damages from the sellers of property, the real estate company that handled the sale, and Marvin H. Schaefer CT Page 11461 Inspection Service, Inc. ("Schaefer") which did a home inspection on the subject property. The Gruners complaint against Schaefer is in three counts alleging negligence, declaratory judgment and violation of the Connecticut Unfair Trade Practices Act, General Statutes § 42-110b ("CUTPA"). Schaefer has moved to dismiss the case claiming that the home inspection agreement signed by the Gruners requires any disputes arising out of the inspection to be resolved by arbitration.
The Gruners object to the motion to dismiss on three grounds. First, they claim that since the complaint seeks a declaratory judgment that the arbitration provision is unenforceable, the question of the arbitrability of the dispute is for the court. Second, they claim that the CUTPA allegation is non-arbitrable. Third, they claim that General Statutes § 52-408 provides the court with discretion to not enforce the arbitration agreement where there exists sufficient cause at law or equity for the avoidance of written contracts generally. In this regard, the Gruners assert that the home inspection contract is unconscionable and should not be enforced.
 DISCUSSION
Our Supreme Court for many years has wholeheartedly endorsed arbitration as an effective alternative method of settling disputes intended to avoid the formalities, delay, expense and vexation of ordinary litigation. Fink v. Golenbock,238 Conn. 183, 194 (1996); O G/O'Connell Joint Venture v. Chase FamilyLtd. Partnership No. 3, 203 Conn. 133, 145 (1987). Arbitration is the voluntary submission, by the interested parties, of an existing or future dispute to a disinterested person or persons for final determination. Gores v. Rosenthal, 150 Conn. 554, 557
(1963).
Legal as well as factual disputes may be designated by the contract to be within the purview of arbitration. ConnecticutUnion of Telephone Workers, Inc. v. Southern New EnglandTelephone Co., 148 conn. 192, 197 (1961); but arbitration and its scope remain dependant on the contract. Fink v. Golenbock, supra,238 Conn. 195. The courts are empowered to direct compliance with the provisions of arbitration agreements, but no one may be compelled to arbitrate a dispute outside the scope of the agreement, which constitutes the charter of the entire arbitration proceeding and defines and limits the issues to be decided by the arbitrators. Gores v. Rosenthal, supra, CT Page 11462150 Conn. 557. Doubts regarding whether or an issue is arbitrable should be resolved in favor or arbitration. John A. Errichetti Associatesv. Boutin, 183 conn. 481, 488-89 (1981). "Under the positive assurance test, judicial inquiry . . . must be strictly confined to the question of whether the reluctant party did agree to arbitrate the grievance . . . An order to arbitrate the particular grievance should not be denied unless it may be said withpositive assurance that the arbitration clause is not susceptible of an interpretation the covers the asserted dispute." Id.
The arbitration clause of the home inspection contract involved in this case reads in part as follows:
 "Any dispute, controversy or claim arising out of, or relating to, this agreement shall be submitted to final and binding arbitration."
Our Supreme Court has described similar language as "all-embracing, all encompassing and broad." See Fink v.Golenbock, supra, 238 Conn. 196, 197 (words "any disputes" described as broad and unrestricted); Connecticut Union ofTelephone Workers, Inc. v. Souther New England Telephone Co.,
supra, 148 Conn. 197 (words "all claims" described as all-encompassing).
The Gruners submit that, notwithstanding the above law, this case should not be dismissed in favor of arbitration, because the issue of the arbitrability of the dispute has been raised. More specifically, the Gruners assert that by their claim for a declaratory judgment that the home inspection contract is not enforceable, they have raised a matter that must be decided by a court.
"Whether a particular dispute is arbitrable is a question for the court, unless, by appropriate language, the parties have agreed to arbitrate that question also . . . The intention to have arbitrability determined by an arbitrator can be manifested by an express provision or through the use of broad terms to described the scope of arbitration, such as all questions in dispute and all claims arising out of "the contract' or "any dispute that cannot be adjudicated.'" White v. Kampner,229 Conn. 465 472 (1994); Welch Group, Inc. v. Creative Drywall, Inc.,215 Conn. 464, 467 (1990).
The language in the home inspection contract created an CT Page 11463 unrestricted submission to arbitration. In White v. Kampner,
supra the court found that a conditional submission to arbitration was created by the contract language. In that circumstance, it was for the court to decide whether the condition precedent to arbitration had been satisfied. In this case, it is different. The arbitration language in the contract is not conditional, but instead allencompassing. The language is broad enough to empower the arbitrator to rule on the question of arbitrability.
The Gruners next claim that the CUTPA count cannot be arbitrated. In support of this position, the Gruners rely on BillButler Ass'n v. New England Savings Bank, 42 Conn. Sup. 198,220-201 (1991). That case clearly holds that CUTPA claims are not arbitrable. The precedential value of the decision, however, has been eviscerate by later Supreme Court decisions. In Fink v.Golenbock, supra, the court found that the allencompassing language of the contract's arbitration clause was broad enough to allow adjudication of the CUTPA claim. Fink v. Golenbock, supra,238 Conn. 196-197. In Success Centers, Inc. v. HuntingtonLearning Centers, Inc., 223 Conn. 761 (1992) the Supreme Court was "not persuaded" that the CUTPA claims would be irreparably lost if submitted to arbitration. Id. 772. The court went on to observe that even if the plaintiff was correct that CUTPA not arbitrable, that claim could be raised in a court proceeding to vacate the arbitrators award. Id. 773.
The trend is clear that our Supreme Court is allowing the arbitration of CUTPA claims, at least in the first instance. As discussed above, the contract language regarding arbitration in this case is broad and all-encompassing — it is equivalent to the language in Fink v. Golenbock. As in that case, the language is broad enough to permit the adjudication of the Gruners' CUTPA claim.
The final claim raised by the Gruners is their assertion that the contract is unconscionable and therefore unenforceable. They submit that the unconscionability claim precludes arbitration in light of General Statutes § 52-408. That statute generally provides that arbitration clauses are valid, irrevokable and enforceable "except when there exists sufficient cause at law or in equity for the avoidance of written contracts generally." The Gruners seek to invoke the exception provided by § 52-408.
Originating in Equity as a form of relief against the CT Page 11464 harshness of penal bonds, the doctrine of unconscionability has been employed by courts to deny enforcement to harsh and unreasonable contract terms. Leasing Serv. Corp. v. Justice,673 F.2d 70, 71 (2d Cir. 1982). See also Restatement Second Contracts § 208. (if a contract or term thereof is unconscionable at the time the contract is made a court may refuse to enforce the contract, or may enforce the remainder of the contract without the unconscionable term, or may so limit the application of any unconscionable term as to avoid any unconscionable result). An unconscionable bargain is one which "no man in his senses and not under delusion would make on the one hand, and . . . no honest and fair man would accept on the other." Hume v. United States,132 U.S. 406, 411 (1889).
In this case, the Gruners assert, inter alia, that the provision in the home inspection contract that damages are limited to the cost of inspection (about $300) makes the contract unconscionable and therefore unenforceable. Schaeffer's position is that the question of unconscionability can be presented to the arbitrator who may decide not to enforce that provision of the contract.
As noted above, legal as well as factual disputes may be designated by the contract to be within the scope of arbitration.Connecticut Union of Telephone Workers, Inc. v. Southern NewEngland Telephone Co., supra 148 Conn. 197. While claims of fraudulent inducement that render a contract voidable should be decided by a court, Two Sisters, Inc. v. Gosch Co.,171 Conn. 493, 496-97 (1976), Doctors Associates, Inc. v. Jabush,89 F.3d 109, 112 (2d Cir. 1996), no case has been presented to the court regarding the arbitrability of claims of unconscionability. A finding of unconscionability denies enforcement of contract terms as opposed to voiding the agreement. As such, § 52-408 does not preclude such a decision being made by an arbitrator. The arbitration clause in the contract is broad enough to cover such a claim.
 CONCLUSION
For the reasons set forth above, the motion to dismiss is granted.
So Ordered at New Haven, Connecticut this 13th day of August, 1999. CT Page 11465
Devlin, J.