[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This matter of first impression is before the court on the plaintiff's application to vacate an arbitration award. On February 7, 2001, the plaintiff, Local 704, Council 4, AFSCME, AFL-CIO (Union) filed an application pursuant to General Statutes § 52-418 to vacate an arbitration award issued by Arbitrator Mark M. Grossman, Esq. (Arbitrator), which was rendered on January 16, 2001. On November 6, 2001, the defendant State of Connecticut Department of Public Health (State) filed a cross-application to confirm the arbitration award. The Union filed a memorandum of law in support of its application to vacate the arbitration award on December 26, 2001, and on January 7, 2002, the State filed a memorandum of law in opposition to the Union's application to vacate the arbitration award.
The award pertained to a grievance filed by the Union on behalf of Aurice Barlow (Grievant) contesting the termination of her employment by the State. The Union's grievance claimed that the Grievant was terminated without just cause and in violation of the collective bargaining agreement (Agreement).
The Agreement provides that the parties must arbitrate the grievance and that the arbitrator must render an award within thirty (30) days after the later of the hearing or the last date on which post-hearing submissions were due to be filed, unless the parties mutually agree to extend the deadline.[1]
The Union and the State submitted the grievance to arbitration before the Arbitrator. The Arbitrator conducted hearings from May 5, 2000 through August 29, 2000 and the parties submitted post-hearing briefs on unspecified dates thereafter. The submission did not disclose or impose the thirty day deadline; the parties did not inform the Arbitrator of the deadline prior to its expiration and the Agreement was not made an exhibit to or otherwise disclosed to the Arbitrator during the arbitration proceedings.
The parties informed the Arbitrator of the deadline for the first time CT Page 4447 after the. deadline had expired. On January 3, 2001, the Union and the State mailed a joint letter[2] to the Arbitrator stating that they were discharging him because he had failed to issue an award within the thirty day deadline. In a letter[3] dated January 5, 2001, the Arbitrator responded to the discharge letter, stating that the parties had not informed him of the thirty day deadline, had not incorporated it into their submission and had not provided him with a copy of the Agreement; and therefore, he was unaware of the deadline and surprised that the parties were asserting it and discharging him for failing to comply with it. He further indicated that he was prepared to render an award imminently if either party granted an extension.
In a January 16, 2001 letter the Union acknowledged the truth of the Arbitrators ascertains and agreed to extend the deadline within which the award could be rendered in[4]. The Arbitrator rendered an award on the same day, January 16, 2001, finding that the Grievant's employment was terminated for just cause.
After the award was rendered, the Union filed the motion with this court asserting that the arbitration award should be vacated because the award was not timely and the parties did not mutually agree to an extension of the deadline. The State argues that the Union consented to an extension of time to issue the award and thereby waived any objection to the award's timeliness.
The court will first address the issue of timeliness. The time by which an award must be made may be specified by agreement of the parties to the arbitration.[5] Section 9(c) of the Agreement states in part that "[t]he arbitrator shall render his/her decision in writing no later than thirty (30) days after the conclusion of the hearing unless the parties mutually agree otherwise." The question for the court therefore is to determine whether the parties mutually agreed to extend the deadline.
The courts favor arbitration as a means of settling differences, and positively construe arbitration awards. See, e.g., Marsala v. Valve Corp.of America, 157 Conn. 362, 365, 254 A.2d 469 (1969); AFSCME v. NewBritain, 206 Conn. 465, 469, 538 A.2d 1022 (1987), citing Board ofEducation v. Bridgeport Education Assn., 173 Conn. 287, 290, 377 A.2d 323
(1977). Courts "will make every reasonable presumption in favor of the arbitration award and the arbitrator's acts and proceedings" when reviewing arbitration awards, because the parties have consented to the arbitration and have framed the issues to be arbitrated." DiamondFertilizer and Chemical Corp. v. Commodities Trading InternationalCorp., 211 Conn. 541, 547, 560 A.2d 419 (1989), quoting OG. O'ConnellJoint Venture v. Chase Family Ltd. Partnership No. 3, 203 Conn. 133,145, 523 A.2d 1271 (1987). An arbitration award is to be upheld unless it CT Page 4448 clearly falls within the proscription of the governing legal authority.Administrative Residual Employees Union v. State, 200 Conn. 345, 349,510 A.2d 989 (1986). In the cited case the governing authority was a statute while in this case, that authority is the Agreement which imposed a deadline and empowered the parties to waive it by mutual agreement The award should be confirmed unless it clearly falls within the proscription of the Agreement; therefore, the award should be confirmed if the parties waived the deadline.
"The arbitration agreement and the submission constitute `the charter of the entire arbitration proceedings'; Gores v. Rosenthal, [150 Conn. 554,557, 192 A.2d 210 (1963)]; and define the powers of the arbitrator and the issues to be decided." Administrative Residual Employees Union v.State, supra, 200 Conn. 348. The basic test of the validity of an award is its conformity to the submission. See, e.g., New Britain v.Connecticut State Board of Mediation and Arbitration, 178 Conn. 557,562, 424 A.2d 263 (1979); Milford Employees Assn. V. Milford,179 Conn. 678, 683, 427 A.2d 859 (1980). The submission defines the powers of the arbitrator. Administrative Residual Employees Union v.State, supra, 200 Conn. 348. The court must also look to both the Agreement and the submission in order to determine whether the award clearly falls within the proscription of the governing legal authority. The submission did not impose or disclose the deadline. In addition the parties did not disclose it during the course of the arbitration proceedings. The Union's January 16, 2001 letter tacitly acknowledged the parties' joint waiver of the deadline by their mutual failure to disclose or impose the deadline. This court finds that the parties waived the deadline by failing to impose or disclose it in the submission or in the arbitration proceedings.
Where the collective bargaining agreement imposed no obligation on the arbitrator to render an award within a specific period of time and the parties did not request a decision within a specified period of time, the claim of untimeliness was held to be unavailing. Board of Education v.AFSCME, 195 Conn. 266, 269, 487 A.2d 553 (1985). Where the parties neither imposed or informed the arbitrator of the deadline, absent a specified time to render an award, the decision is valid if rendered within a reasonable time. ML Homes, Inc. v. Zoning PlanningCommission, 187 Conn. 232, 445 A.2d 591 (1982). The parties imposed no deadline for rendering an award; and therefore, the court must determine whether the award was rendered within a reasonable time. The Arbitrator conducted hearings from May 5, 2000 through August 29, 2000 and the parties submitted post-hearing briefs on unspecified dates thereafter. Arbitrator was first informed of the deadline by letter dated January 3, 2001 and the Union unilaterally extended the deadline on January 16, 2001. The Arbitrator rendered an award on January 16, less than two weeks CT Page 4449 after being informed of the deadline and the same day the Union extended the deadline. The court finds the award was rendered within a reasonable time.
The court now addresses the State's claim that the Union waived its right to claim that the award is untimely. "The plaintiffs failure to raise the issue of timeliness prior to the issuance of the arbitration award operates as a waiver of their right to assert a lack of timeliness in the board's decision." AFSCME v. New Britain, supra, 206 Conn. 465,468 (1988). The Connecticut Supreme Court has "made it clear that [it] will not permit parties to anticipate a favorable decision, reserving a right to impeach it or set it aside if it happens to be against them, for a cause which was well known to them before or during the trial."Krattenstein v. G. Fox Co., 155 Conn. 609, 616, 236 A.2d 466 (1967). Courts have applied this principle in the arbitration context by holding that a plaintiff waived the right to assert an arbitration award's lack of timeliness by failing to raise the issue of timeliness prior to the issuance of the award. AFSCME v. New Britain, supra, 206 Conn. 468. The facts of this case is more compelling. In this case, the Union tacitly acknowledged that it had waived the deadline, expressly abandoned its assertion of untimeliness and expressly extended the deadline to render an award and did not reassert a claim of untimeliness until after the award was rendered. Under the law of this state the Union waived its right to claim that the award was untimely.
The parties jointly waived the thirty day deadline by failing to either impose or disclose it to the Arbitrator and thereafter the Union waived any right to challenge the timeliness of the award.
For the foregoing reasons the Union's application to vacate the arbitration award is hereby DENIED.
 ___________________ Bryant, J.