[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This matter is before the court on the motion of the Union to vacate the arbitration decision concluding that the termination of a probationary employee was not arbitrable. The parties entered into the following joint stipulation of facts with exhibits, dated October 10, 2002. The City of Bristol ("City") and AFSCME Council 15, Local 754 ("Union") are parties to a collective bargaining agreement ("Agreement"), effective July 1, 1996 through June 30, 2001, which was in effect at all times relevant to the grievance. On or about March 15, 2001, Jeffrey Roy was hired as a probationary Police Officer for the City of Bristol Police Department. On November 20, 2001, the Bristol Board of Police Commissioners voted to terminate Mr. Roy's probationary employment. Article XV of the Agreement contains a four-step grievance procedure for addressing certain disputes between the City and the Union. The fourth step of the grievance procedure is arbitration before the State Board of Mediation and Arbitration ("SBMA"). At the close of the November 20, 2001 Board of Police Commissioners meeting, the Union submitted Grievance No. 01-14. The City denied Grievance No. 01-14 at the first and second steps of the contractual grievance procedure on November 20 and 28, 2001, respectively. On or about November 30, 2001, the Union and the Grievance Committee of the Bristol Board of Police Commissioners agreed to waive the third step of the contractual grievance procedure. The Union submitted Grievance No. 01-14 for arbitration before SBMA. SBMA assigned Case No. 2002-A-462 to this matter. The City filed a timely objection to arbitrability on the grounds that the termination of probationary employees is expressly exempted from the grievance-arbitration process by Article IV, Section 4:1 of the Agreement. On March 14, 2002, an arbitration hearing was held before a tripartite SBMA panel. At the hearing, the parties agreed to bifurcate the proceeding in order to brief the issue of arbitrability and obtain a decision before arguing the merits. The Arbitration Panel adopted the City's proposed issue submission, "Is Local Grievance No. 01-14 arbitrable?" Several documents, including the Union's Official Grievance Form, were entered into the record. Bristol Personnel Director, James CT Page 2905-cm Byer, was examined by counsel for both parties. On or about July 2, 2002, after briefs were submitted, and upon consideration of evidence, testimony and arguments of the parties, the Panel rendered a final Award, in which it ruled, by a majority vote, that "Local Grievance No. 01-14 is not arbitrable." (Emphasis added.)
The arbitrators' analysis and decision stated . . . the instant grievance is all about probation officer Roy's termination and reinstatement. And (see) a majority of the panel agrees with the city: When read together as they should be, the Article IV termination exception governs over the general grievance authorization of Article XV. Article IV provides in pertinent part that: "It is understood that new employees cannot process a grievance for termination during their probationary period." See also: (Union's Brief in Support of Motion to Vacate, Page 4, Article XV grants the Union the right to file a grievance agreement §§ 15:02 and 15.1.
On July 30, 2002, the Union filed an Application seeking an order vacating the award, asserting that the arbitrators exceeded their authority or so imperfectly executed them that a mutual, final and definite award was not made. The Union further asserts that the panel disregarded substantial evidence that the Union had the contractual right under the agreement to grieve any act by the City concerning favoritism or discrimination or the interpretation and application of rules and regulations of the Police Department in light of the fact that the Union presented unrefuted evidence that its grievance concerned the unequal application of rules and regulations to a probationary employee. The Union further asserted that the errors were obvious and capable of being readily and instantly perceived by persons qualified to be arbitrators and therefore the arbitrators rendered their decision in "manifest disregard of law." On those bases the Union sought an order of this court vacating the award pursuant to Gen. Stat. § 52-418 (a)(4).
Our Supreme Court has repeatedly stated that: "[t]he scope of judicial review of an arbitration award is limited by statute and by the contractual agreement between the parties." Costello ConstructionCorporation v. Teamsters Local 559, supra, 318. In that decision we reaffirmed the principle which protects the integrity of arbitration awards, namely, that where the issue of arbitrability is committed to an arbitrator for determination, the court is bound by the arbitrator's determination unless that determination clearly falls within the proscriptions of § 52-418 of the General Statutes, or procedurally violates the parties' agreement. Thus, the mere conformity of the submission to the award does not foreclose the court from reviewing whether that award is in violation of the parties' agreement. This is not CT Page 2905-cn to say that the parties may not waive procedural limits. Our holding inCostello is not to be read to allow parties to forego objections to arbitration, gambling upon a favorable result and, when losing, to raise the procedural defects in a motion to vacate. In Costello the threshold question of arbitrability was clearly committed to the arbitrator's determination by the terms of the contract; thus, no question of waiver could arise in such a situation, since this court has held in the past that "[w]hether a particular dispute is arbitrable is a question for the court, unless, by appropriate language, the parties have agreed to arbitrate that question, also." Frager v. Pennsylvania General Ins. Co.,155 Conn. 270, 274, 231 A.2d 531; Kantrowitz v. Perlman, 156 Conn. 224,226, 227, 240 A.2d 891. Thus, where the question of arbitrability is committed to the arbitrator the court may, on a motion to vacate, entertain challenges to the award alleging disregard of the procedural limits in the parties' agreement with regard to arbitration as they apply to this issue. In any other instance, procedural irregularities will be deemed waived unless the party asserting them compels a prior judicial resolution of this issue. Waterbury Board of Ed. v. Waterbury TeachersAssn., 168 Conn. 54, 62, 357 A.2d 466 (1975). Courts will make every reasonable presumption in favor of the arbitration award and the arbitrator's acts and proceedings when reviewing arbitration awards, because the parties have consented to the arbitration and have framed the issues to be arbitrated. Diamond Fertilizer and Chemical Corporation v.Commodities Trading International Corporation, 211 Conn. 541, 547,560 A.2d 419 (1989) citing O G/O' Connell Joint Venture v. Chase FamilyLimited Partnership No. 3, 203 Conn. 133, 145, 523 A.2d 1271 (1987). The arbitration agreement and the submission constitute "the charter of the entire arbitration proceedings"; Gores v. Rosenthal, supra, 557-58; and define the powers of the arbitrator and the issues to be decided. (Internal quotation marks omitted.) Administrative ResidualEmployees Union v. State, 200 Conn. 345, 348, 510 A.2d 989 (1986).
The Union does not allege that the arbitration panel disregarded the procedural limits in the parties' agreement with regard to arbitration. Moreover, the Union clearly agreed to the submission of the issue or arbitrability to the arbitrators after the arbitration panel framed the question. The Union, confident in the arbitrability of the issue because the contract was silent on the question of the Union's right to grieve the termination of a probationary employee, stated almost axiomatically that the issue was arbitrable and then stated that "the case should proceed to the merits upon a finding of arbitrability." Stipulation, Exhibit D, pages 4 and 13. The Union cannot gamble with the arbitration process and then resort to the courts when the decision is not to its liking. CT Page 2905-co
The Union's failure to object to submission of the question of arbitrability until after the unfavorable award was rendered operates as a waiver of the right to assert the lack of timeliness of an arbitrator's decision. AFSCME v. New Britain, 206 Conn. 465, 468, 538 A.2d 1022
(1987). The Connecticut Supreme Court has "made it clear that [it] will not permit parties to anticipate a favorable decision, reserving a right to impeach it or set it aside if it happens to be against them, for a cause which was well known to them before or during the trial."Krattenstein v. G. Fox Co., 155 Conn. 609, 616, 236 A.2d 466
(1967). Courts have applied this principle in the arbitration context by holding that a plaintiff has waived the right to assert an arbitration award's lack of timeliness by failing to raise the issue of timeliness prior to the issuance of the award. AFSCME v. New Britain, 206 Conn. 465,468, 538 A.2d 1022 (1988).
The arbitration panel did not exceed or imperfectly execute their powers warranting a court order vacating the arbitrators' award under General Statutes § 52-418, as the Union alleges. Article IV of the Agreement expressly states that a probationary employee cannot grieve his or her termination, and therefore, as the Union conceded to the arbitration panel, the termination of a probationary employee is not arbitrable. The sole remedy sought by the Union was the reinstatement and financial compensation of the terminated probationary employee and not the promulgation of objective standards for the evaluation of probationary employees. Placing substance over form, the remedy sought by the Union makes the Union grievance a mere surrogate for an impermissible probationary employee grievance. The arbitration award is supported by and consistent with and not in violation of the Agreement. It conforms to the submission proffered by the arbitrators and ratified and accepted by the parties:
The Union's motion to vacate the arbitration award is denied.
 BY THE COURT Hon. Vanessa L. Bryant
CT Page 2905-cp